**POLSINELLI LLP**
WESLEY D. HURST (SBN 127564)
whurst@polsinelli.com
ALLEGRA GORCHYNSKI (SBN 323010)
agorchynski@polsinelli.com
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802

JOHN C. CLEARY (NY 1969146)
(*Pro Hac Forthcoming*)
john.cleary@polsinelli.com
600 Third Avenue 42nd Floor
New York, NY 10016
Telephone: (212) 413-2837
Facsimile: (212) 684-0197

*Attorneys for Defendant Umpqua Bank*

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM ELIZONDO, individually and on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>UMPQUA BANK;<br><br>Defendants. | Case No. 3:23-cv-05441<br><br>[Contra Costa Superior Court Case No. C23-1241]<br><br>**DEFENDANT UMPQUA BANK'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Complaint Filed:   August 25, 2023<br>Trial:   None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD: Defendant Umpqua Bank, pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act of 2005 or "CAFA"), 1441, and 1446, hereby files this Notice of Removal of this action from the Superior Court for the State of California in and for Contra Costa county, to the United States District Court for the Northern District of California, and in support thereof states as follows:

1

**I.     STATEMENT OF JURISDICTION**

1. This Court has jurisdiction over Plaintiff's claims pursuant to CAFA, which amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if: (1) the proposed class consists of at least 100 members; (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (3) one member of the proposed class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions pursuant to 28 U.S.C. §§ 1441(a) and 1446. As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

**II.    PLEADINGS, PROCESS, AND ORDERS**

2. Plaintiff Miriam Elizondo ("Plaintiff") commenced a civil action, styled *Miriam Elizondo, individually and on behalf of herself and all other similarly situated v. Umpqua Bank* in the Superior Court for the State of California in and for Contra Costa county, by filing a Class Action Complaint on August 25, 2023, Case No. C23-1241 (the "State Court Action").

3. The Summons and a copy of Plaintiff's Complaint were served on Umpqua Bank on September 21, 2023. A copy of the Civil Case Cover Sheet, Summons, Notice of Hearing, Notice of Case Management Conference, and Proof of Service of Summons are attached to this Notice as **Exhibit A**. A copy of the Complaint is included with this Notice as **Attachment 1**, and the Civil Cover Sheet is included as **Attachment 2**. Umpqua is informed and believes that the aforementioned documents and exhibits include all of the process, pleadings and orders on file in the State Court Action. *See* 28 U.S.C. § 1446(a).

4. As set forth in the Complaint, Plaintiff brings claims for negligence, breach of third-party beneficiary contract, and alleged violations of the California Unfair Competition Law based on a data incident involving Umpqua Bank's file transfer vendor, in May of 2023 (the "Incident"). (Compl. ¶¶ 20, 105-132.)

5. In addition to her individual claims, Plaintiff purports to represent a nationwide class of "All U.S. residents whose data was accessed in the Data Breach" and California subclass of "All California residents whose data was accessed in the Data Breach." (Compl. ¶ 85.)

6. By filing this notice of removal, Umpqua Bank does not waive, and hereby reserves, any objections as to venue, the legal sufficiency of claims alleged in the Complaint, and all other defenses. Umpqua Bank reserves the right to supplement and amend this notice of removal.

### III. JURISDICTION PURSUANT TO CLASS ACTION FAIRNESS ACT

7. Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2); (d)(6) (explaining claims may be aggregated).

8. Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to class actions in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more. *See* 28 U.S.C. § 1332(d)(5).

9. This Court has jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by Umpqua Bank pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and the defendant.

10. Venue lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 84(b), 1441, and 1446(a). This action was originally brought in the Contra Costa County Superior Court, which is located within the Northern District of California. Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

#### A. The Putative Class Contains At Least 100 Members

11. Plaintiff brought this action on behalf of herself and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382 and Civil Code § 1781. (Compl. ¶ 85.) Plaintiff seeks to represent a nationwide class of "All U.S. residents whose data was accessed in the Data Breach" and a California subclass of "All California residents whose data was accessed

in the Data Breach." (Compl. ¶ 85.)

12. Plaintiff alleges that the Putative Class Members are "so numerous that joinder of all of them is impracticable." (*Id.* ¶ 88.)

13. Plaintiff alleges the putative class consists of "over 429,000 individuals." (*Id.* ¶ 88)

### B. There Is Diversity of Citizenship Between At Least One Proposed Class Member and Umpqua Bank.

14. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C §§ 1332(d)(2)(A). Complete diversity of citizenship exists here because Plaintiff and Umpqua Bank are citizens of different states.

15. <u>Plaintiff's Citizenship.</u> For diversity purposes, a person is a "citizen" of the state in which her or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Clew & Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). Plaintiff avers that, at all relevant times, she was and is domiciled in Humboldt County, California. (Compl. ¶ 15.) Accordingly, Plaintiff is a citizen of the State of California for purposes of removal. *See, e.g., Mondragon v. Capital One Auto Finance*, 776 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change").

16. <u>Defendant's Citizenship.</u> Under § 1332(d)(10), "an unincorporated association shall be deemed a citizen of the State where it has its principal place of business and the State under whose laws it is organized." *See also Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006). Defendant is an Oregon state-chartered bank with its principal place of business in Oregon. (Compl. ¶ 16.) Accordingly, Defendant is a citizen of Oregon.[1]

---

[1] Umpqua Bank reserves the right to present additional evidentiary support should Plaintiff challenge federal jurisdiction. *See Dart Cherokee*, 574 U.S. at 89 (noting that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

### C. The Alleged Amount in Controversy Exceeds $5,000,000

17. Under CAFA, the articulated claims of all class members are aggregated to determine if the amount in controversy exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Staff of S. Comm. on the Judiciary, 109th Cong., *Rep. on The Class Action Fairness Act of 2005*, 42 (Comm. Print 2005). The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

18. When a plaintiff fails to plead a specific dollar amount of damages and the amount in controversy is not necessarily "facially apparent" from the complaint, "the court may consider facts in the removal petition" to determine the amount at issue. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 959 (9th Cir. 2020) ("[I]n Arias we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements," quotations and citations omitted). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not

contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87.

19. Umpqua Bank denies Plaintiff's allegations of liability, fault, or other wrongdoing and that Plaintiff has suffered any cognizable harm. Umpqua Bank intends to vigorously defend against all of Plaintiff's causes of action. Nevertheless, without admitting that Plaintiff and/or any member of the putative class has a basis for liability or recovery of any damages, when one considers the number of alleged Putative Class Members and the causes of action cited, the aggregate amount in controversy presented by this case exceeds $5,000,000.[2]

20. The Complaint alleges Plaintiff and the class members have suffered injuries and specifically requests the Court direct Umpqua Bank to "provide Plaintiff and the Classes with free identity theft protection and credit monitoring for their respective lifetimes." (Compl. p. 25, *id.* ¶¶ 66 ("Plaintiff and Class Members will therefore need to continuously monitor their accounts for years"); 80 ("These individuals now must spend significant time and money to continuously monitor their accounts and credit scores"); 82 ("Even though Umpqua has decided to offer free credit monitoring for two years to affected individuals, this is insufficient to protect Plaintiff and Class Members. As discussed above, the threat of identity theft and fraud from the Data Breach will extend for many years and cost Plaintiff and the Classes significant time and effort."); 100 (stating that "Whether Plaintiff and other Class Members are entitled to credit monitoring and other injunctive relief" is an issue common to the putative class).)

21. Equifax advertises that its credit monitoring services cost between $59.40 per year for basic plans to $239.40 per year for premium plans. *Compare our Value Products*, EQUIFAX (last visited Oct. 19, 2023), https://www.equifax.com/personal/products/value-product-comparison/ ($4.95 per month for Equifax's Credit Monitor program); *Compare our Premium Products*, EQUIFAX (last visited Oct. 19, 2023), https://www.equifax.com/personal/products/credit/monitoring-product-comparison/ ($19.95 per month for Equifax Complete Premier program). Accordingly, even using the low end of these price

---

[2] Defendant provides these calculations solely to demonstrate that the amount in controversy in this case exceeds the jurisdictional minimum. Defendant makes no admission of liability or damages with respect to any aspect of this case.

ranges, three *months* of credit monitoring, alone, times the pleaded class size (429,000 individuals), would put the amount in controversy at $6,370,650 (($4.95 x 3) x 429,000). Courts have found this sufficient to establish the CAFA amount in controversy in similar data incident cases. *Copple v. Arthur J. Gallegher & Co.*, No. C22-0116-LK-SKV, 2022 WL 3357865, at *7 (W.D. Wash. Aug. 2, 2022) (denying motion to remand).

### III.    TIMELINESS OF REMOVAL

22. This action has not previously been removed to federal court.

23. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Umpqua Bank has filed this Notice of Removal within 30 days of September 21, 2023, the date on which Plaintiff served Umpqua Bank.

### IV.    NOTICE TO PLAINTIFF

24. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Superior Court for the State of California in and for the County of Contra Costa.

**WHEREFORE**, for all of the foregoing reasons, Umpqua Bank hereby removes the State Court Action now pending in the Superior Court for the State of California in and for the County of Contra Costa, to the United States District Court for the Northern District of California.

Dated: October 23, 2023                                  POLSINELLI LLP

By:    */s/ Wesley D. Hurst*
       WESLEY D. HURST
       ALLEGRA GORCHYNSKI
       JOHN C. CLEARY (*Pro Hac Forthcoming*)

       Attorneys for Defendant
       UMPQUA BANK

# PROOF OF SERVICE

I, Nicole Vazquez, declare as follows:

I am employed in Dallas County, Dallas, Texas. I am over the age of eighteen years and not a party to this action. My business address is 2950 N. Harwood Street, Suite 2100, Dallas, Texas 75201. On October 23, 2023, I served the within: **DEFENDANT UMPQUA BANK'S NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING** on the interested parties in this action addressed as follows:

| | |
|---|---|
| Gregory Haroutunian<br>Brandon P. Jack<br>**CLAYEO C. ARNOLD**<br>**A PROFESSIONAL CORPORATION**<br>865 Howe Avenue<br>Sacramento, CA 95825<br>Email: gharoutunian@justice4you.com<br>Email: bjack@justice4you.com | *Attorneys for Plaintiff and the Putative Classes* |
| Kaleigh N. Boyd<br>**TOUSLEY BRAIN STEPHENS PLLC**<br>1200 Fifth Avenue, Suite 1700<br>Seattle, WA 98101<br>Email: kboyd@tousley.com | *Attorneys for Plaintiff and the Putative Classes* |

☒ **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Polsinelli LLP following ordinary business practice. I am readily familiar with the practice at Polsinelli LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

☒ **(BY ELECTRONIC MAIL)** By transmitting such document(s) electronically from my e-mail address, nvazquez@polsinelli.com at Polsinelli LLP, to the person(s) at the electronic mail addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on October 23, 2023, at Dallas, Texas.

*/s/ Nicole Vazquez*
NICOLE VAZQUEZ

066435\758060\91779824